# CIRCUIT COURT OF THE CITY OF SALEM

In re Amy Kathryn Xiaoli Spence
and Alison Jiangzhi Spence

October 1, 2013

Case Nos. CA13000004-00 and CA13000005-00

By Judge Charles N. Dorsey

The Court has received and reviewed the Petitions for Adoption of Amy Kathryn Xiaoli Spence and Alison Jiangzhi Spence. The Court is unable to enter a Final Order of Adoption pursuant to applicable law for the reasons that follow.

First, although the petitioners were legally married in the State of Connecticut, it appears that both petitioners are women. If so, the Commonwealth of Virginia does not recognize a legal status for the relationship. The Constitution of Virginia states "only a union between one man and one woman may be a marriage valid in or recognized by this Commonwealth and its subdivisions." Constitution of Virginia, Art. I, § 15-A. Further, the Commonwealth shall not "create or recognize another union, partnership, or other legal status to which is assigned the rights, benefits, obligations, qualities, or effects of marriage." *Id.*

The Code of Virginia also states the Commonwealth will not recognize the marriage of same-sex couples wed in other states. More specifically, "[a] marriage between persons of the same sex is prohibited. Any marriage entered into by persons of the same sex in another state or jurisdiction shall be void in all respects in Virginia and any contractual rights created by such marriage shall be void and unenforceable." Va. Code § 20-45.2. Therefore, within the boundaries of Virginia, the purported marriage is void. No rights created by that marriage are enforceable by this or any Court of this Commonwealth. *Id.*

The Full Faith and Credit Clause of the Constitution of the United States, Art. IV, § 1, is not implicated in this instance because it "does not compel a state to substitute the statutes of other states for its own statutes dealing with a subject matter concerning which it is competent to legislate." *Franchise Tax Bd. v. Hyatt*, 538 U.S. 488, 494, 123 S. Ct. 1683, 155 L.

Ed. 2d 702 (2003) (citations and internal quotation marks omitted). See 28 U.S.C. § 1738(c) (stating no state shall be required to give effect to any public act, record, or judicial proceeding of any other State respecting the relationship between persons of the same sex that is treated as marriage under the laws of such other State).

The Virginia stepparent adoption statute requires a spousal relationship between the petitioners. Va. Code § 63.2-1241(A). Because the marriage is void in the Commonwealth of Virginia and because a marriage is required to complete a stepparent adoption, this Court is unable to grant the request.